**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| RE: | : | |
|---|---|---|
| | : | Case No. |
| Michael James Beeman | : | **CHAPTER 13 PLAN** |
| Tina Marie Beeman | | |
| | : | |
| Debtors. | : | |

**NOTICE:**

**Read the terms of this Plan carefully. Your rights as a creditor may be modified herein and upon confirmation by the Court you will be bound by the terms of this Plan.**

1. **PAYMENTS BY AND OBLIGATIONS OF DEBTORS:**

    a. The Debtors will pay to the trustee **$935 per month for debtors commitment period of 60 months**, beginning within 30 days after the filing of this proceeding for a total of $56,100. The Debtors submits all or such portion of debtors future earnings or other income as is necessary for the execution of the plan to the control of the trustee. 11 U.S.C. Section 1322 (a)(1). The Debtors assert that they have the ability to carry out this Plan, that it is presented in good faith, commits all of Debtors disposable income and otherwise complies with all requirements of 11 U.S.C. §1325.

    b. The Debtors shall, each year during the course of this plan, provide the Trustee with copies of their federal and state income tax returns when completed and filed.

    c. If requested by the court or Trustee, the Debtors shall provide the Trustee with an annual statement of current income and expenses supported by their current proof of income all as required by 11 USC521(f)(4)(b) and the first such annual statement shall be due on the first day of the month following the date of filing this petition and the same date each year thereafter during the course of the Plan.

    d. The debtors intend to make the regular monthly first mortgage payments directly to Bank of America during the course of this Plan beginning in the month following the date of filing of this plan.

2. **FILINGS OF PROOFS OF CLAIMS:**

    a. The trustee shall only distribute payments, including adequate protection payments, to creditors who have actually filed proofs of claim (including adequate proof of security interest) with the Court that are deemed allowed pursuant to 11 U.S.C. Section 502(a). However, if a creditor does not file a timely proof of such creditor's claim, then either the Debtors or the Trustee may file such a claim as provided for by 11 U.S.C. Section 501(c) and in that event such claim shall be deemed the claim for all purposes under the plan.

    b. The Trustee shall mail payments to the address provided on the proof of claim unless the claimant provides the Trustee with another address in writing for payments to be sent. If the claim is assigned or transferred, the Trustee shall continue to remit payments to the original claimant until a formal notice of assignment or transfer is filed with the Court.

3.  **ADMINISTRATIVE COSTS:**

   **The Trustee shall pay the allowed attorneys fees in full following the entry of a court order approving said fees. Allowed attorney fees shall be paid in full prior to payments to any other priority, secured or unsecured creditors.**

   a.  **ATTORNEY FEES**                $2,000.00

   (as approved by court order; amount shown is estimate for purpose of calculating plan)

   b.  **TRUSTEE'S STATUTORY FEE**

   The Trustee shall be entitled to reimbursement of fees and costs up to the percentage fee fixed by the Attorney General of each disbursement made by the Trustee, regardless of whether it is paid prior to or following confirmation.

4.  **PRIORITY CREDITOR CLAIMS:**

   **The Trustee shall pay all allowed claims entitled to priority under 11 U.S.C. Section §507 in full unless the holder of a particular claim agrees to a different treatment. 11 U.S.C. Section 1322(a)(2). Allowed priority claims shall be paid their prorata share of the Plan payments available to pay creditors. Priority creditors shall be paid in full prior to any payments to unsecured creditors. The amounts listed are estimates only, the trustee will pay the amounts actually allowed.**

   a.  Pre-Petition Arrearages Owed to Domestic Support Obligations ("DSO") Holders Under 11 U.S.C. Section 507(a)(1)(A);

   None

   b.  DSO's assigned to or owed to a governmental unit pursuant to 11 U.S.C. Section 507(a)(a)(B).

   None

   c.  Post-Petition Arrearages Owed to Domestic Support Obligations ("DSO") Holders Under 11 U.S.C. Section 507(a)(1)(A);

   None

   d.  Priority Claims Other than DSO's

   None

   The trustee is authorized to accumulate funds as necessary to pay an allowed secured claim for delinquent real estate taxes in full in one lump sum including accrued interest.

2

5. **SECURED CREDITOR CLAIMS:**

   **Payments to secured creditors shall be made monthly in amounts representing their respective prorata share of the Plan payments available to pay secured creditors. Secured creditors shall be paid in full prior to any payments to unsecured creditors and such payments shall satisfy the debtors obligation, if any, to provide adequate protection payments to such secured creditors pursuant to (11 USC 136(a)(1)(C).**

   a. **HOME MORTGAGE DEFAULT [§1322(b)(5)]:**

   None

   b. **OTHER SECURED CLAIMS:**

   The trustee will make payments to the following secured creditors equal to the amount of the creditor's secured claim as set forth below with interest at the rate of 4.5% percent. It is the debtors intent that any claim not specifically provided for in this paragraph is deemed to be an unsecured claim and shall be treated and classified as such for purposes of determining the manner in which the trustee will pay the claim. The secured creditors shall retain their liens securing such claim until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharged under §1328. If the case is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law. See 11 U.S.C. § 1325(a)(5)(B)(i).

   | Creditor | Total Claim Amount | Secured Claim Amount |
   | --- | --- | --- |
   | 1st Class Credit Union (2007 Toyota) | $12,202.00 | Fully secured; Trustee shall pay creditors allowed Proof of Claim. |
   | 1st Class Credit Union (2006 Nissan) | $10,793.00 | Fully secured; Trustee shall pay creditors allowed Proof of Claim. |
   | 1st Class Credit Union (2002 Mitzubishi daughter's car) | $3,307.00 | Fully secured; Trustee shall pay creditors allowed Proof of Claim. |

6. **TIMELY FILED UNSECURED CREDITOR CLAIMS:**

   **The Trustee shall pay the allowed claims of unsecured creditors who have timely filed their Proofs of Claim in monthly installments representing their respective prorata share of the monthly plan payments available for payment to unsecured creditors which payments shall commence after payment in full of all administrative costs (except the Trustees ongoing statutory fee which shall continue through the term of the plan), priority and secured claims.**

**NOTE:** No interest accruing after the date of filing of the petition shall be allowed on claims of unsecured creditors. Unmatured interest shall be rebated in determining the allowed amount of any such claim. 11 U.S.C. Section 502(b)(2).

   a. The debtor(s) is allowed to classify an unsecured consumer claim differently if it is guaranteed by another individual. 11 U.S.C. Section 1322 (b)(1).

    b.      Creditors holding unsecured claims shall be divided into two classes. 11 U.S.C. Section 1322 (a)(3).

**Class A.** Class A shall consist of creditors holding allowed unsecured claims of $10.00 or less. The claims of such creditors shall be paid in full prior to any payment on unsecured claims in Class B.

**Class B.** Class B shall consist of creditors holding allowed unsecured claims for any amount greater than $10.00. The claims of such creditors shall be paid pro rata over the period of the plan.

    c.      The trustee will pay holders of non-priority unsecured claims for which proofs of claims are timely filed the balance of all payments received by the trustee and not paid under paragraphs 3, 4 and 5 their pro rata share of the Plan payments over the commitment period (60 months) for an estimated total of **$19,939**. (Estimated dividend 100%).

**7.    OTHER PROVISIONS EFFECTING ALL CREDITORS:**

    a.      Any post-petition claim allowed under 11 U.S.C. §1305 shall be paid in full. If such payment results in a reduction in the amount to general unsecured creditors, the Debtors hereby agrees to amend this Plan to ensure payment to said creditors as originally contemplated.

    b.      Debtors reserves the right to object to any proof of claim filed herein to contest it in amount, form or content and to require that the claim presented be properly supported by documentation as required by this court under applicable federal and state law.

    c.      The Trustee is hereby authorized to review the Plan after the expiration of the Bar Date for filing claims. In the event that Plan payments in the amount set forth in paragraph 1 above are insufficient to satisfy all claims in full, the Debtors agree to permit the Trustee to file an amendment to the Plan, increasing the Plan payment to an amount necessary to satisfy all claims in full.

    d.      The trustee from time to time during the period of extension may increase or reduce any amount of the installment payments provided by the plan or extend or shorten the time for any such payments, where the circumstances of the Debtors so warrant or require; provided, that any moratorium on payments or reduction in amount in excess of a period of 90 days must be with court approval.

    e.      Should this Plan not be confirmed, or be dismissed at any time after confirmation, the Trustee shall return to debtors all undistributed funds by delivering same to their attorney, John M. Miller at 974 73rd St., Ste. 15, Windsor Heights, IA 50324.

    The debtors further represents an ability to carry out this plan, that it is in good faith, and is their best effort.

Dated:                             Signed _____
                                                Debtor

                              Signed _____
                                                Debtor

                              Signed _____
                                             Attorney for Debtors

Summary of Debts scheduled to be paid in plan:

| | |
|---|---|
| Administrative Costs. | $ 2,000.00 |
| Priority Claims: | $   -0- |
| Secured or partially Secured Claims: | $26,302.00 |
| Unsecured Claims (Includes unsecured portions of secured claims) | $19,939.00 |
| **TOTAL:** | **$48,241.00** |

By signing below, the attorney certifies that on this 21 day of April, 2011, this document was filed electronically in the United States Bankruptcy Court, for the Southern District of Iowa. The parties listed below will receive notice electronically.

US Trustee
USTPRegion12.DM.ECF@usdoj.gov

Albert C. Warford, Trustee
Chapter13@qwestoffice.net